# In the United States Court of Federal Claims

No. 13-378C

(Filed Under Seal: June 21, 2013)
(Reissued: June 26, 2013)
(**NOT TO BE PUBLISHED**)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **BCPEABODY CONSTRUCTION SERVICES, INC.,** | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant, | ) ) |
| and | ) ) |
| **EDENS CONSTRUCTION CO., INC.,** | ) ) |
| Defendant-Intervenor. | ) ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

James E. Krause, Jacksonville, Florida, for plaintiff.

Elizabeth Anne Speck, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Stuart F. Delery, Acting Assistant Attorney General, and Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

William L. Bruckner, The Bruckner Law Firm, San Diego, California for defendant-intervenor.

# PRELIMINARY INJUNCTION[1]

LETTOW, Judge.

Pending before the court in this post-award bid protest is plaintiff's ("BCPeabody's") motion for a preliminary injunction to bar defendant from proceeding with a contract awarded by the Department of the Army, United States Army Corps of Engineers, Jacksonville District, to Edens Construction Co., Inc. under Solicitation No. W912EP-13-R-0001. A hearing upon this motion was held on Friday, June 21, 2013.

Upon consideration of the plaintiff's application and arguments presented at the hearing, the court has determined that BCPeabody's motion has support in law and fact and that it is likely to succeed on the merits. The crux of this protest turns on the Corps' evaluation of sub-element 1 of sub-factor 1 regarding demonstrated experience related to cut-off wall construction. [***]. The solicitation required submission of information on two projects related to the sub-element, one generally for a cut-off wall and the other for a project in which a sub-surface obstruction for a cut-off wall was encountered. BCPeabody provided two identical project information sheets, in essence covering only one project by Bauer Foundation Corp. regarding successful completion of a cut-off wall. No information sheets were provided respecting a second project showing penetration, excavation, and backfill through an obstruction that could not be removed by a typical backhoe during cut-off wall construction. That omission by BCPeabody was an obvious mistake, and a clerical one, because the duplication of information sheets for Bauer Foundation Corp.'s work on a standard cut-off wall indicated a copying error in which a second copy of the first project was mistakenly substituted for sheets describing the second project. BCPeabody did include an unequivocal letter of commitment by Bauer Foundation Corp.

Edens Construction provided information sheets relating to Bauer Foundation Corp.'s work on the two requisite types of cut-off wall construction. Edens Construction also submitted a satisfactory letter of commitment from Bauer Foundation Corp.[2]

The Corps rated Edens Construction acceptable for cut-off wall construction and BCPeabody unacceptable for that sub-element, based on the work of the same subcontractor, Bauer Foundation Corp. It was not reasonable for the Corps to do so, when it possessed detailed knowledge of Bauer Foundation Corp.'s qualifications. That error carried over to the Corps'

---

[1]Because this order might have contained confidential or proprietary information within the meaning of Rule 26(c)(1)(G) of the Rules of the Court of Federal Claims ("RCFC") and the protective order entered in this case, it was initially filed under seal. The parties were requested to review this order and to provide proposed redactions of any confidential or proprietary information. The resulting redaction is shown by asterisks enclosed by brackets, *e.g.*, "[***]."

[2]The Commitment letters Bauer Foundation Corp. provided to BCPeabody and Edens Construction were identical and "unequivocal[ly] commit[ed]." Bauer Foundation Corp. to "fulfill the duties of Cut[-]off Wall Installation for the . . . referenced project." AR 707, 772 (Commitment Letters).

evaluation of past performance because BCPeabody was rated unacceptable for that technical sub-factor on the ground of the omission of the one element of cut-off wall experience.

The Corps did not query BCPeabody about the duplication and resulting omission, even though it had a right to seek clarification under 48 C.F.R. ("FAR") § 15.306(a)(2). Because BCPeabody's proffered price was more than $1 million less than that of Edens Construction, and BCPeabody's omission was an obvious clerical error in circumstances where the Corps knew of the pertinent information, the Corps' action in disqualifying BCPeabody on technical grounds and making an award to Edens Construction was arbitrary and capricious.[3]

The court also has determined that BCPeabody will be irreparably and immediately harmed if some measure of preliminary relief does not issue. Further, the court has concluded that the interests of the defendant will not be severely affected through issuance of preliminary relief because the project is neither subject to particular time constraints nor necessary to address a condition raising a threat of immediate harm. Defendant-Intervenor, Edens Construction, however, will be at least temporarily harmed by preliminary injunctive relief because it will not be able to begin work on the project.[4] That detriment will be mitigated to some extent by requiring BCPeabody to post security in an amount sufficient for the Corps to cover costs of Edens Construction in preparing to undertake the project. The public interest will be served by adherence to required procedures and evaluative steps for a procurement

Respecting the amount of security to be provided, the court finds that the projected costs of a delay of two months in Eden Construction's proceeding is greatly overstated. Edens Construction estimated that the cost of such a delay to the Corps would total $1,331,021.57. This amount, however, appears to ignore the Protest After Award Clause of the contractual award, which requires Edens Construction to take all reasonable steps to minimize the incurrence of costs upon a post-award bid protest. The court finds that security in the amount of $300,000 should be sufficient to cover reasonable costs and damages sustained by defendants if they are found to have been wrongfully enjoined.

Accordingly, pursuant to RCFC 65(a), plaintiff's motion for a preliminary injunction is GRANTED under the following terms:

First, defendant shall refrain from proceeding with the award made to Edens Construction Co., Inc., under Solicitation No. W912EP-13-R-0001, pending final disposition of this litigation.

Second, further proceedings in this case shall be accelerated, in accord with a schedule to be issued by a separate scheduling order.

---

[3]The government has established special procurement rules by statute and in the FAR. Those rules allow for clarification in the circumstances at hand, and no private firm in a comparable situation would have failed to make an inquiry. The requisite technical information was in the direct possession of contracting officials and involved no searching, inferences, or speculation.

[4]Actual construction work reportedly is set to begin on June 24, 2013.

Third, pursuant to RCFC 65(c), movant, BCPeabody Construction Services, Inc., shall give security in the amount of $300,000, to pay costs and damages sustained by defendants if they are found to have been wrongfully enjoined. Movant shall provide such security on or before June 26, 2013. For specific terms and provisions of a satisfactory security, BCPeabody is encouraged to contact the Clerk of Court.

It is so ORDERED.


s/ Charles F. Lettow
Charles F. Lettow
Judge